## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIRBY SMITH** | **CIVIL ACTION NO.** |
| **VERSUS** | **SECTION** |
| | **JUDGE** |
| **PORTS AMERICA LOUISIANA, LLC, CERES GULF, INC., NEW ORLEANS TERMINAL, LLC, AND BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS** | **DIVISION** |
| | **MAG. JUDGE** |

### NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, come Defendants, Ceres Gulf, Inc. ("Ceres Gulf") and New Orleans Terminal, LLC ("NOT") (collectively at times, "Removing Defendants") who, with a full reservation of any and all defenses including without limitation those under Rule 12 of the Federal Rules of Civil Procedure, file this Notice of Removal of the state court action described below on the following grounds:

### PLAINTIFF'S PREVIOUSLY-DISMISSED LAWSUIT

1.

Plaintiff, Kirby Smith ("Plaintiff"), filed a Petition on June 9, 2020, in the Civil District Court, Parish of Orleans, State of Louisiana, bearing Docket No. 20-4553.  Plaintiff named Ceres Gulf and NOT as defendants, along with Ports America Louisiana, LLC ("Ports America") and the Board of Commissioners of the Port of New Orleans (the "Port").  Plaintiff alleged personal injuries as a result of an incident that occurred on July 19, 2019 while Plaintiff "was working as a truck driver while operating a tractor-trailing for Boasso Global" and picking up a cargo shipping container at the Nashville Container Yard, in an area leased by Ports America.[1]

---

[1]        A copy of Plaintiff's Petition in Docket No. 20-4553 is attached as Exhibit 1.

{N4121618.1}

2.

Ceres and NOT subsequently removed that lawsuit on June 12, 2020 to the United States District Court, Eastern District of Louisiana.  The matter was assigned cause of action number 20-1708 and assigned to the Honorable Wendy B. Witter.  [*See* C.A. No. 20-1708, R. Doc. 1.] Plaintiff subsequently moved to voluntarily dismiss his claim without prejudice under Rule 41 of the Federal Rules of Civil Procedure.  [*See id.*, R. Doc. 4.]

### PLAINTIFF'S "NEW" LAWSUIT

3.

Only a few days after voluntarily dismissing the above lawsuit, Plaintiff then re-filed his lawsuit on June 17, 2020, in the Civil District Court, Parish of Orleans, State of Louisiana, bearing Docket No. 20-4875.  This time, though, Plaintiff only named the Port as a defendant.[2] Plaintiff did not name Ceres, NOT or Ports America initially as defendants in his new lawsuit. However, on July 13, 2020, Plaintiff amended his Petition to file a Supplemental and Amended Petition, at which point he named Ceres, NOT and Ports America, despite having previously dismissed the lawsuit naming them as defendants.[3]

4.

Plaintiff's re-filed Petition in Docket No. 20-4875 is notably similar to the Petition filed in Docket No. 20-4553 -- the same one that he voluntarily dismissed upon removal to federal court in June 2020.

The only differences between the 2 Petitions are that:

- In the new Petition, Plaintiff alleged that the Port "leased space at [the Port] to [Ports America]" but not Ceres and NOT, as alleged in the previously-dismissed Petition - [Compare Exhibit 1 at ¶5 to Exhibit 2 at ¶4.]

---

[2]     A copy of Plaintiff's Petition in Docket No. 20-4875 is attached as Exhibit 2.
[3]     A copy of Plaintiff's Supplemental and Amended Petition in Docket 20-4875 is attached as Exhibit 3.

- Plaintiff modified his allegation that the shipping containers at issue were in the "care, custody and control of [Ports America] and/or [Ceres] and/or [NOT] and/or [the Port]" to allege that they were solely in the "care, custody and control of [the Port]" - [Compare Exhibit 1 at ¶10 to Exhibit 2 at ¶9.][4]

- Plaintiff inserted a new allegations that "[the Port] knew, and/or reasonably should have known of the dangerous condition on its premises." - [Exhibit 2 at ¶11.]

5.

Plaintiff's Supplemental and Amended Petition in Docket 20-4875 is nearly identical to the Petition filed in Docket No. 20-4553 that he voluntarily dismissed upon removal to federal court in June 2020.  The only differences between the 2 Petitions are noted above; with respect to specific allegations against Ceres and NOT, there are no new allegations or difference between the previously-dismissed lawsuit and Plaintiff's "new" lawsuit.

**SERVICE AND REMOVAL GROUNDS**

6.

Ceres and NOT were served with the Supplemental and Amended Petition in Docket No. 20-4875 on October 22, 2020.[5]  As noted, a copy of Plaintiff's Supplemental and Amended Petition is attached as Exhibit 3.[6]

7.

Upon information and belief, including a review of the Civil District Court online docket, the other defendants [Ports America and the Port] have not been served as of the date of this filing as there is no evidence of return of service in file.  As such, consent to removal is not

---

[4]    In his Supplemental and Amended Petition, Plaintiff amended this allegation to revert back to what he had alleged in his Petition in Docket No. 20-4553, that the shipping containers at issue were in the "care, custody and control of [Ports America] and/or [Ceres] and/or [NOT] and/or [the Port]."   In other words, Plaintiff's allegation in this respect, as well as with respect to Ceres/NOT's actions and fault, are identical to the allegations he previously made in his now-dismissed lawsuit.

[5]    Exhibit 4.

[6]    A copy of the state court record, including Citations issued but not returned, is attached as Exhibit 5.

necessary at this time.  Moreover, as explained below, the Port is an improperly-named and joined defendant.  Nonetheless, upon information and belief and to the extent required, the other defendants would consent to removal.

8.

This case is removable pursuant to 28 U.S.C. §1441(b) on the grounds of diversity jurisdiction.  This Court has original jurisdiction of this case under 28 U.S.C. §1332 as (1) the case is between citizens of different states; (2) the Port has been improperly named and joined; and (3) the matter in controversy exceeds the sum or value of $75,000.  The prerequisites for diversity jurisdiction are met here.  This District embraces the Parish of Orleans, where the Petition was filed, therefore making venue in this District proper under 28 U.S.C. §1441(a).

9.

According to the Supplemental and Amended Petition, Plaintiff is a resident of New Orleans, Louisiana.

10.

Ceres Gulf is a Delaware corporation whose principal place of business and "nerve center" was, until December 2019, located in New Jersey and which is now located in Tennessee.

New Orleans Terminal LLC is a limited liability company organized and existing under the laws of the States of Delaware and whose members are Ceres Gulf, whose citizenship is noted above, and Container Marine Terminals, LLC.[7]

Container Marine Terminals, LLC is a limited liability company organized and existing under the laws of the State of Delaware and whose member is Terminal Investment Limited, a

---

[7]     The citizenship of a limited liability company for diversity purposes is that of all of its members.  *Mullins v. TestAmerica, Inc*., 564 F.2d 386, 397 n.6 (5th Cir. 2009); *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1079-80 (5th Cir. 2008)

Canadian corporation with its principal place of business and "nerve center" in Canada and/or Switzerland.  Accordingly, Ceres Gulf and NOT are not forum defendants and are diverse from Plaintiff.

11.

Because Ports America and the Port have not been served, removal is permitted under *Tex. Brine Co., L.L.C. v. Am. Arbitration Ass'n*, 955 F.3d 482, 487 (5th Cir. 2020).  Nonetheless, diversity jurisdiction exists as Ports America is a diverse party and the Port has been improperly named and joined.

12.

Ports America is a limited liability company organized and existing under the laws of the State of Delaware who is ultimately owned by Ports America Holdings, Inc., which is also privately owned.[8]  Ports America Holdings, Inc. is a Delaware corporation whose principal place of business and "nerve center" is, based upon publicly available information, either New Jersey or Arizona.

13.

As noted above, upon information and belief, the Port has not been served.  Regardless, the Port has been improperly named and joined by Plaintiff.  The "forum defendant" rule is provided for in 28 U.S.C. §1441(b)(2).  Under it, a civil action that is otherwise removable under diversity of citizenship may not be removed if one or more of the parties in interest "properly joined and served as defendants" are citizens of the State in which the action has been brought. 28 U.S.C. §1442(b)(2).  The Port has not been "properly joined and served."  As such, the "forum defendant" rule is inapplicable, and this case is removable.

---

[8]     A copy of the Ports America Louisiana, LLC Corporate Disclosure Statement filed on January 3, 2019, from another matter pending in the Eastern District of Louisiana is attached as Exhibit 6.

14.

More specifically, the Court has an independent basis for diversity jurisdiction, despite the naming of the Port as a defendant, because the Port has been improperly joined. Joinder is improper where a plaintiff cannot establish a cause of action against the non-diverse defendant. The test for improper joinder is whether there is a <u>reasonable</u> possibility of recovery by Plaintiff against the non-diverse defendant. If there is no <u>reasonable</u> possibility of recovery, then the non-diverse defendant has been improperly joined, and its citizenship is ignored.

15.

Here, there is no reasonable possibility of recovery against the Port, who had turned over control of the area where the incident occurred to its lessee, Ports America. Plaintiff acknowledges in his Petition that the Port "leased space at the Port of New Orleans to Ports America, Louisiana, LLC, Ceres Gulf, Inc. and New Orleans Terminal, LLC."[9] Plaintiff's recitation of allegations otherwise make no implication of fault or error on the part of the Port except to generically allege that the Port "knew, and/or reasonably should have known of the dangerous condition on its premises." This allegation -- which was notably not alleged in Plaintiff's previously-dismissed lawsuit -- was clearly added for the sole purpose of trying to rectify Plaintiff's previously-flawed Petition. This addition, though, does not cure the procedural defect, nor does it establish that the Port was actively involved in any capacity with the operations surrounding Plaintiff's alleged incident. Plaintiff's boilerplate allegations of "negligence" on the part of the Port fail to identify or articulate a reasonable possibility of recovery under Louisiana law against the Port considering the fact that the Port had leased and turned over control of the area where the incident occurred to its lessee, Ports America. As such, the Port has been improperly named and joined, and its citizenship must be ignored.

---

[9]      *See* Exhibit 1 at ¶5, Exhibit 2 at ¶4, and Exhibit 3 at ¶5.

16.

Lastly, Plaintiff's allegation of damages include seeking recovery for physical pain and suffering, mental anguish, loss of enjoyment of life, past and future medical expenses, permanent disability, lost wages and property damage, all of which Plaintiff alleges are related to the above-referenced incident on July 19, 2019 when he was "seriously injured."  Though no specific amount or demand is stated in the Petition, a fair and reasonable reading of the allegations of Plaintiff's Petition gives rise to the conclusion that the amount in controversy for Plaintiff's claim exceeds $75,000.  The requirements for diversity jurisdiction are therefore satisfied.

17.

Removal is timely under 28 U.S.C. §1446(b)(1) and (c)(1) since this Notice of Removal has been filed within thirty (30) of service upon Removing Defendants and one (1) year of the commencement of Plaintiff's action in Louisiana state court.

18.

Removing Defendants have provided written notice of this removal to Plaintiff and have simultaneously filed a copy of the Notice of Removal with the Clerk of Court for the Civil District Court, Parish of Orleans, State of Louisiana, as required by 28 U.S.C. §1446(d).[10]

19.

For the foregoing reasons, removal should be allowed, and this Honorable Court should assume jurisdiction of this action.

---

[10]     A copy of the Notice of Filing of Notice of Removal to Federal Court is attached without exhibits as Exhibit 7.

20.

Because this case is substantially similar and related to the previously-dismissed lawsuit, Removing Defendants respectfully request that it be referred back to the Honorable Wendy B. Vitter who initially presided over the previously-dismissed lawsuit.

21.

Moreover, because Plaintiff re-filed this lawsuit to re-allege identical allegations against Removing Defendants, including seeking recovery for the same claim after having previously voluntarily dismissed the initial lawsuit, Removing Defendants are entitled under Rule 41 of the Federal Rules of Civil Procedure to recover their costs related to removing that previously-dismissed lawsuit, including re-imbursement of filing fees in both state and federal court.

22.

Removing Defendants reserve all rights and defenses.


**WHEREFORE**, Defendants, Ceres Gulf, Inc. ("Ceres Gulf") and New Orleans Terminal, LLC ("NOT"), request that the entire action be removed from the Civil District Court, Parish of Orleans, State of Louisiana, to the United State District Court for the Eastern District of Louisiana, and that this Honorable Court assume jurisdiction of this action and make sure further orders as may be required to determine properly this controversy.

Respectfully submitted,

JONES WALKER LLP

/s/ *Hansford P. Wogan*
HANSFORD P. WOGAN (La. Bar No. 34825)
GRADY S. HURLEY (La. Bar No. 13913)
JEANNE L. AMY (La. Bar No. 37012)
Jones Walker LLP
201 St. Charles Avenue - Suite 4800
New Orleans, Louisiana  70170
Telephone:  (504) 582-8000  Fax:  (504) 589-8164
fwogan@joneswalker.com
ghurley@joneswalker.com
jamy@joneswalker.com
**ATTORNEYS FOR CERES GULF, INC. AND NEW
ORLEANS TERMINAL, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of November 2020, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system, email, facsimile or U.S. Mail.  I also certify that I have mailed this filing by United States Postal Service to any non-CM/ECF participants known to represent the parties.

/s/ *Hansford P. Wogan*