2020-04553

J

Section 15

FILED
2020 JUN 09  P 01:16
CIVIL
DISTRICT COURT

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

DOCKET NO.                                                                 DIVISION " "

**KIRBY SMITH**

**VERSUS**

**PORTS AMERICA LOUISIANA, L.L.C., CERES GULF, INC., NEW ORLEANS TERMINAL, L.L.C., AND BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS**

FILED: _____        _____
                                                                                    **DEPUTY CLERK**

## PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes **KIRBY SMITH**, a resident of the full age of majority of the Parish of Orleans, State of Louisiana, who respectfully represents:

**1.**

Made Defendants are:

1. **PORTS AMERICA LOUISIANA, L.L.C.**, a domestic limited liability company with its principal place of business located in New Orleans, Louisiana and domiciled in Wilmington, Delaware;

2. **CERES GULF, INC.**, a foreign company with its principal place of business located in Nashville, Tennessee and domiciled in Wilmington, Delaware;

3. **NEW ORLEANS TERMINAL, L.L.C.**, a domestic limited liability company with its principal place of business located in New Orleans, Louisiana and domiciled in Wilmington, Delaware; and

4. **BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS**, a political subdivision of the State of Louisiana.

**2.**

On or about July 19, 2019, **Kirby Smith** was working as a truck driver while operating a tractor-trailer for Boasso Global.

**3.**

Kirby Smith arrived at Ports America Louisiana, L.L.C.'s Nashville terminal, located at 5901 Terminal Drive in New Orleans Louisiana, to drop off a 20-foot ISO tanker.

**4.**

At the same time, Ceres Gulf, Inc. and/or New Orleans Terminal, L.L.C. operated a terminal immediately adjacent to the Nashville Terminal.

1

2020-04553

J
Section 15

Case 2:20-cv-03065-WBV-KWR   Document 1-1   Filed 11/11/20   Page 2 of 6

FILED
2020 JUN 09  P 01:16
CIVIL
DISTRICT COURT

5.

At the same time, Board of Commissioners of The Port of New Orleans leased space at The Port of New Orleans to Ports America Louisiana, L.L.C., Ceres Gulf, Inc. and New Orleans Terminal, L.L.C.

6.

Kirby Smith was instructed by employees of Ports America Louisiana, L.L.C. to park his truck for unloading in the Nashville Container Yard in Section F-12.

7.

As Kirby Smith waited while parked in Section F-12 as instructed, multiple stacks of empty shipping containers had been stacked/positioned on the passenger side of his tractor-trailer by either Ports America Louisiana, L.L.C., Ceres Gulf, Inc. and/or New Orleans Terminal L.L.C.

8.

As Kirby Smith waited for his truck to be unloaded, a set of shipping container stacked five containers high fell over directly onto the cab of Kirby Smith's truck.

9.

The weight and size of the empty shipping containers crushed the cab of Kirby Smith's tractor while Kirby Smith was in the driver's seat.

10.

At the time of the incident, the shipping containers which fell onto the tractor were in the care, custody and control of Ports America Louisiana, L.L.C. and/or Ceres Gulf, Inc. and/or New Orleans Terminal, L.L.C. and/or Board of Commissioners of The Port of New Orleans.

11.

As a result of the incident, Kirby Smith was seriously injured.

12.

At the time of the incident, the containers which fell onto Kirby Smith's tractor were located on the leased portion of the Port of New Orleans by Ports America Louisiana, L.L.C.

13.

The incident was caused by the acts of negligence by defendant, Ports America Louisiana, L.L.C., in the following ways:

    (i)    Failing to properly secure the empty containers to keep them from failing over;

2020-04553

**J**

Section 15

Case 2:20-cv-03065-WBV-KWR   Document 1-1   Filed 11/11/20   Page 3 of 6

FILED
2020 JUN 09  P 01:16

CIVIL
DISTRICT COURT

(ii) Failing to properly stack the empty containers to keep them from falling over;

(iii) Failing to assess the weather up to, and at the time of, the incident to ensure the safety of business invitees on their premises;

(iv) Failing to abide by industry standards, rules and procedures regarding the safe stacking of empty containers;

(v) Failing to abide by industry standards, rules and procedures regarding the safe securing of stacked empty containers;

(vi) Failing to warn Kirby Smith of the hazardous condition;

(vii) Improperly instructing Kirby Smith to park his truck in an area Ports America Louisiana, L.L.C. knew and/or reasonably should have known was unsafe;

(viii) Striking the stack of containers and pushing the containers over; and

(ix) Any and all other acts of negligence to be discovered through the litigation process.

14.

The incident was caused by the acts of negligence by defendant, Ceres Gulf, Inc. in the following ways:

(i) Failing to properly secure the empty containers to keep them from failing over;

(ii) Failing to properly stack the empty containers to keep them from falling over;

(iii) Failing to assess the weather up to, and at the time of, the incident to ensure the safety of business invitees on the premises of Ports America Louisiana, L.L.C.'s terminal where Ceres Gulf, Inc. had stacked the shipping containers which ultimately fell;

(iv) Failing to abide by industry standards, rules and procedures regarding the stacking of empty containers;

(v) Failing to abide by industry standards, rules and procedures regarding the securing of stacked empty containers;

(vi) Failing to warn Kirby Smith of the hazardous condition;

2020-04553 Case 2:20-cv-03065-WBV-KWR Document 1-1 Filed 11/11/20 Page 4 of 6

**J**
Section 15

FILED
2020 JUN 09 P 01:16
CIVIL
DISTRICT COURT

(vii) Failing to notify Ports America Louisiana, L.L.C. of the dangerous condition so that Ports America Louisiana, L.L.C. could warn Kirby Smith of the dangerous condition;

(viii) Failing to notify Ports America Louisiana, L.L.C. of what Ceres Gulf, Inc. knew and/or reasonably should have known was an unsafe condition for business invites on the premises of Ports America Louisiana, L.L.C.; and

(ix) Any and all other acts of negligence to be discovered through the litigation process.

15.

The incident was caused by the acts of negligence by defendant, New Orleans Terminal, L.L.C. in the following ways:

(i) Failing to properly secure the empty containers to keep them from failing over;

(ii) Failing to properly stack the empty containers to keep them from falling over;

(iii) Failing to assess the weather up to, and at the time of, the incident to ensure the safety of business invitees on the premises of Ports America Louisiana, L.L.C.'s terminal where New Orleans Terminal, L.L.C.. had stacked the shipping containers which ultimately fell;

(iv) Failing to abide by industry standards, rules and procedures regarding the stacking of empty containers;

(v) Failing to abide by industry standards, rules and procedures regarding the securing of stacked empty containers;

(vi) Failing to warn Kirby Smith of the hazardous condition;

(vii) Failing to notify Ports America Louisiana, L.L.C. of the dangerous condition so that Ports America Louisiana, L.L.C. could warn Kirby Smith of the dangerous condition;

(viii) Failing to notify Ports America Louisiana, L.L.C. of what New Orleans Terminal, L.L.C.. knew and/or reasonably should have known was an unsafe condition for business invites on the premises of Ports America Louisiana, L.L.C.; and

4

2020-04553

J

Section 15

Case 2:20-cv-03065-WBV-KWR   Document 1-1   Filed 11/11/20   Page 5 of 6

FILED
2020 JUN 09  P 01:16
CIVIL
DISTRICT COURT

(ix) Any and all other acts of negligence to be discovered through the litigation process.

16.

The incident was caused by the acts of negligence by defendant, Board of Commissioners of the Port of New Orleans, in the following ways:

(i) Failing to assess the weather up to, and at the time of, the incident to ensure the safety of business invitees on the premises of Ports America Louisiana, L.L.C.'s terminal where Ceres Gulf, Inc. had stacked the shipping containers which ultimately fell;

(ii) Failing to regulate, oversee and/or supervise Ports America, L.L.C. and/or Ceres Gulf, Inc. and/or New Orleans Terminal, L.L.C. to ensure each business abided by industry standards, rules and procedures regarding the stacking of empty containers;

(iii) Failing to regulate, oversee and/or supervise Ports America, L.L.C. and/or Ceres Gulf, Inc. and/or New Orleans Terminal, L.L.C. to ensure each business abided by industry standards, rules and procedures regarding the securing of empty containers;

(iv) Failing to warn Kirby Smith of the hazardous condition;

(v) Failing to notify Ports America Louisiana, L.L.C. of any dangerous weather condition so that Ports America Louisiana, L.L.C. could warn Kirby Smith of the dangerous condition;

(vi) Failing to notify Ports America Louisiana, L.L.C. of what Ceres Gulf, Inc. knew and/or reasonably should have known was an unsafe condition for business invites on the premises of Ports America Louisiana, L.L.C.; and

(vii) Any and all other acts of negligence to be discovered through the litigation process.

17.

As a result of the crushing blow of the falling containers, **Kirby Smith** has suffered, and will suffer in the future, damages, including:

a. Physical pain and suffering, past and future;

b. Mental anguish, past and future;

5

2020-04553 Case 2:20-cv-03065-WBV-KWR Document 1-1 Filed 11/11/20 Page 6 of 6

J
Section 15

FILED
2020 JUN 09  P 01:16
CIVIL
DISTRICT COURT

c. Loss of enjoyment of life, past and future;

d. Medical Expenses, past and future;

e. Permanent disability;

f. Lost Wages/Earnings and/or earning capacity; and

g. Property damage.

WHEREFORE, Petitioner, **Kirby Smith**, prays that Defendants be served with this Petition, and after being duly cited to appear and answer same and the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Plaintiff, **Kirby Smith**, and against Defendants, **Ports America, L.L.C., Ceres Gulf, Inc., New Orleans Terminal, L.L.C. and Board of Commissioners of the Port of New Orleans,** jointly and in solido, for such damages as are reasonable in the premises, together with legal interest from the date of judicial demand until paid, all costs of these proceedings, and such equitable relief to which Plaintiff may be entitled.

Respectfully submitted:

**DUDLEY DEBOSIER INJURY LAWYERS, PLC**

**STEVEN A. DEBOSIER, (No. 22331)**
**W. PAUL WILKINS, (No. 19830)**
**DAVID M. GEERKEN, (No. 31735)**
**CHRISTOPER B. GIOE, (No. 36469)**
622 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 605-3806
Facsimile: (225) 239-7265
*Attorneys for Plaintiff Kirby Smith*

**PLEASE SERVE THE FOLLOWING:**

**PORTS AMERICA LOUISIANA, L.L.C.**
Through its Registered Agent for Service of Process:
CORPORATION SERVICE COMPANY
501 Louisiana Avenue
Baton Rouge, LA 70802

**CERES GULF, INC.**
Through its Registered Agent for Service of Process:
CORPORATION SERVICE COMPANY
501 Louisiana Avenue
Baton Rouge, LA 70802