UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIRBY SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-3065** |
| **PORTS AMERICA LOUISIANA, LLC, ET AL.** | **SECTION D (4)** |

## ORDER

Before the Court is Plaintiff Kirby Smith's Motion to Remand.[1] The Motion is opposed.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court grants the Motion and remands this matter to state court.

### I. FACTUAL BACKGROUND

This case arises from injuries caused by shipping containers. The following alleged facts are drawn from Plaintiff Kirby Smith's Amended State-Court Petition.[3] On July 19, 2019 Smith, a Louisiana citizen, was working as a truck driver and drove to Ports America Louisiana, LLC's ("Ports America") Nashville Terminal.[4] Plaintiff alleges that "Ceres Gulf, Inc. and/or New Orleans Terminal, L.L.C. operated a terminal immediately adjacent to the Nashville Terminal."[5] Smith further alleges that the Board of Commissioners of The Port of New Orleans (the "Board") leased space to Ports America, New Ceres Gulf, Inc. ("Ceres"), and New Orleans Terminal,

---

[1] R. Doc. 8.
[2] R. Doc. 13.
[3] *See* R. Doc. 1-3.
[4] *Id.* at 2 ¶¶ 2-3.
[5] *Id.* at 2 ¶ 4.

L.L.C. ("New Orleans Terminal").[6] While Smith was in the driver's seat of his truck waiting for it be unloaded, a set of shipping containers fell onto the cab of the truck, injuring him.[7]

Smith filed a state court petition on June 9, 2020 in the Civil District Court for the Parish of Orleans for damages related to his injuries.[8] Smith named Ports America, Ceres, New Orleans Terminal, and the Board in the petition.[9] Ceres and New Orleans Terminal removed the matter to the United States Court for the Eastern District of Louisiana.[10] Plaintiff later voluntarily dismissed his claims against all defendants.[11]

Smith then filed another state court petition in the Civil District Court for the Parish of Orleans for substantially the same claim.[12] This petition named only the Board as a defendant.[13] Plaintiff then amended this petition to add Ceres, New Orleans Terminal, and Ports America, the three other originally named defendants, as defendants in the re-filed matter.[14]

On November 11, 2020, Ceres and New Orleans Terminal (collectively, "Removing Defendants") removed the matter to federal court again.[15] In the Notice of Removal, Removing Defendants allege that Ports America and the Board were not

---

[6] *Id.* at 2 ¶ 5.
[7] *Id.* at 2 ¶ 9, 6 ¶ 19.
[8] R. Doc. 1-1.
[9] *Id.*
[10] Docket No. 20-1708, R. Doc. 1.
[11] Docket No. 20-1708, R. Doc. 4.
[12] *See* R. Doc. 1-2.
[13] *Id.*
[14] R. Doc. 1-3. Although Smith's re-filed Amended Petition had some minor differences from the original Petition he filed, the Court does not address those differences in this Order.
[15] R. Doc. 1.

served as of the date of removal. They further contend that even had those parties been served, removal would be permitted because Ports America was a diverse party and the Board was improperly joined.

Plaintiff moves to remand this matter to state court.[16] Plaintiff argues first that both Ports America and the Board were properly served at the time of removal and cites to returns of service that are attached as an exhibit. Plaintiff further argues that contrary to Removing Defendants' assertion, Ports America is a Louisiana citizen. Plaintiff next contends that the Board is a proper party to this suit, as he can maintain a claim against the Board as the lessor of the property where he was injured. Finally, Smith seeks legal fees incurred as a result of removal.

Removing Defendants have filed an Opposition to Plaintiff's Motion.[17] Removing Defendants admit that Ports America is a Louisiana citizen, and therefore non-diverse. They argue that despite Plaintiff's evidence of returns of service, Ports America and the Board were not "properly served" at the time of removal because the state court record did not reflect that those parties had been served at the time of removal, and therefore there was no requirement for those parties to join in removal. Removing Defendants aver that not only should Plaintiff not be awarded costs, but Removing Defendants should instead be entitled to costs and attorneys' fees because Plaintiff has engaged in "procedural gamesmanship."

---

[16] R. Doc. 9.
[17] R. Doc. 13.

## II.  LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[18] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[19] "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action to federal court."[20] If consent of all served defendants is not timely obtained, the removal is procedurally defective.[21] The removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[22] The removing party has the burden of proving federal diversity jurisdiction.[23] Remand is proper if at any time the court lacks subject matter jurisdiction.[24]

"A notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…"[25] However, "if the case stated by the initial pleading is not removable, a

---

[18] 28 U.S.C. § 1441(a).
[19] 28 U.S.C. § 1332(a)-(a)(1).
[20] 28 U.S.C. § 1446(b)(2)(A).
[21] *Doe v. Kerwood*, 969 F.2d 165, 167-69 (5th Cir. 1992); see also *Wade v. Fireman's Fund Ins. Co.*, 716 F. Supp. 226, 231 (M.D. La. 1989) ("The failure of all defendants to timely join in removal does not deprive the Court of jurisdiction over the subject matter and constitutes a procedural defect that can be waived by the plaintiff.").
[22] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[23] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[24] *See* 28 U.S.C. § 1447(c).
[25] 28 U.S.C. § 1446(b)(1).

notice of removal may be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[26]

### III. ANALYSIS

This matter can be resolved on a narrow ground: was a non-diverse, Louisiana-citizen defendant properly joined and served at the time of removal? If so, the matter must be remanded under the forum defendant rule. That rule, - embodied in 28 U.S.C. § 1441(b)(2), -provides: "A civil action otherwise removable under section 1332(a) of this title may not be removed if any of the parties in interest properly joined or served as defendants is a citizen of the State in which such an action is brought."[27] Applying that law to this matter, if a forum-state defendant was properly joined and served, the case was not properly removed to federal court, and it must be remanded.

Here, Removing Defendants have conceded that Ports America is a Louisiana citizen. Indeed, Plaintiff has provided corporate disclosure statements which indicate that Ports America is a Louisiana citizen for diversity purposes.[28] Nor do Removing Defendants dispute that Ports America is properly joined. The sole question therefore becomes whether Ports America was properly served at the time of removal.[29]

---

[26] 28 U.S.C. § 1446(b)(3).
[27] 28 U.S.C. § 1441(b)(2).
[28] *See* R. Docs. 9-5 and 9-6.
[29] Of note, the fact that Ports America would destroy diversity even if served after removal is immaterial. *See Tex. Brine Co., L.L.C. v. Am. Arbitration Ass'n*, 955 F.3d 482, 487 (5th Cir. 2020) (holding that snap removal is possible even when an unserved defendant would destroy diversity).

Plaintiff has provided a signed return of service from Ports America dated October 22, 2020,[30] over two weeks before the matter was removed.[31] Removing Defendants argue, without citation, that Ports America was not properly served because evidence of service was not in the state court record. In nearly identical contexts, courts have held that, for the purpose of removal deadlines, service of process is complete when a defendant is actually served, not when the affidavit of service is filed in the state court record.[32] Accordingly the Court finds that Ports America was properly served before removal. And, because Ports America is a Louisiana citizen, as both Plaintiff and Removing Defendants agree, the forum defendant rule represents a glaring roadblock to removal.

Because the Court finds that Ports America Louisiana, LLC, was a properly-served, in-state Defendant, it does not reach Plaintiff's argument regarding whether the Board is a properly joined defendant.

Finally, the Court declines to award attorney's fees in this case. When a federal court remands a matter to state court the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[33] Importantly, "[t]here is no automatic entitlement to an award of attorney's fees," but rather the decision to award such fees is in the discretion of the

---

[30] R. Doc. 9-4.
[31] The Notice of Removal as filed on November 11, 2020. *See* R. Doc. 1.
[32] *See Alford v. Chevron U.S.A., Inc.*, No. 13-5457, 2014 WL 37600, at *5 (E.D. La. Jan 6, 2014) (collecting cases). Although this case dealt with Louisiana's long-arm statute, the exact same logic applies to personal service on a defendant in Louisiana. *See* La. R.S. 13:3204(C). *See also Garner v. Hyken*, No. 10-4135, 2011 WL 1002098, at *2 (E.D. La. Mar. 18, 2011).
[33] 28 U.S.C. § 1447(c).

district court.[34]  The primary consideration for the district court is whether "the defendant had objectively reasonable grounds to believe the removal was legally proper."[35]  In this case, although Removing Defendants were ultimately unsuccessful in their attempt to convince the Court removal was proper, their actions were not so unreasonable as to merit an award of attorney's fees to Plaintiff.  The Court further notes that Removing Defendants seek costs because Plaintiff has engaged in "procedural gamesmanship."  Because the Court finds remand appropriate, and because the facts before the Court at this time do not necessarily demonstrate "procedural gamesmanship," the Court declines to award costs and fees to Removing Defendants.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **GRANTED**.

New Orleans, Louisiana, January 29, 2021.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[34] *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).
[35] *Id.* at 293.